**SO ORDERED.**

**SIGNED August 25, 2014.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                UNITED STATES BANKRUPTCY COURT
                 WESTERN DISTRICT OF LOUISIANA
                   LAFAYETTE-OPELOUSAS DIVISION

IN RE:

WIGGIE WILLIAMS and
CAROLYN JACK WILLIAMS,                      CASE NO. 13-50341

    Debtors                                 Chapter 7
-----------------------------------------------------------------
RISK MANAGEMENT, INC.,

    Plaintiff

VERSUS                                      ADVERSARY NO. 13-5016

WIGGIE WILLIAMS,

    Defendant
-----------------------------------------------------------------
               ORDER ON MOTION FOR SUMMARY JUDGMENT
-----------------------------------------------------------------
```

The present matter before the court is a motion for summary judgment filed by the plaintiff, Risk Management, Inc. Plaintiff seeks a non-dischargeability finding with respect to a $38,722.02 workers' compensation judgment that is based on the filing of false

mileage reports under La. R.S. 23:1207. Risk Management seeks summary judgment on the ground that the state court's findings and judgment establish the elements of a non-dischargeability claim as a matter of law. Collateral estoppel applies to bankruptcy proceedings and can be invoked to prevent the re-litigation of issues previously decided by a non-bankruptcy court. <u>Grogan v. Garner</u>, 498 U.S. 111 (1991). However, "the mere fact that a creditor previously reduced her claim to a judgment does not preclude the bankruptcy court from inquiring into the true nature of the debt-and ruling contrary to the first court's judgment, if necessary." <u>In re Dennis</u>, 25 F.3d 274, 278 (5th Cir. 1994). Collateral estoppel applies in bankruptcy courts "only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question-that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue-and the facts supporting the court's findings are discernible from that court's record." <u>Id</u>.

The elements of a fraud claim under La. R.S. 23:1207 are: (1) a false statement or representation, (2) the statement or representation was willfully made, and (3) the statement or representation was made for the purpose of obtaining or defeating any benefit or payment. <u>Martinez v. Boh Bros. Const.</u>, 879 So.2d 850 (La. App. 1 Cir. 2004). The elements of a fraud claim under 11

-2-

U.S.C. § 523(a)(2)(A) are: (1) the debtor made a false representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance. In re Acosta, 406 F.3d 367, 372 (5th Cir. 2005). The elements of a fraud claim under La. R.S. 23:1208 differ from the elements of a non-dischargeability claim under section 523(a)(2)(A), including the requirement under section 523(a)(2)(A) of actual and justifiable reliance. Section 523(a)(2)(B) also requires proof of reliance. Accordingly, the state court did not make "specific, subordinate, factual findings on the identical dischargeability issue in question-that is, **an issue which encompasses the same prima facie elements as the bankruptcy issue**." In re Dennis, 25 F.3d at 278 (emphasis added). The state court's judgment and findings will substantially narrow the issues to be tried, including the finding that the debtor willfully made a false representation for purposes of procuring benefits. However, the judgment does not support a summary judgment based on preclusion. Plaintiff's motion for summary judgment is **DENIED**.

###